# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LUCIANO PADILLA and ERNESTO, VELASCO, </br></br> Plaintiffs, </br></br> vs. </br></br> J.B. MASONRY & TUCKPOINTING </br></br> Defendant. | Case No. 05 C 6721 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Luciano Padilla and Ernesto Velasco, both of whom are of Mexican origin, have sued J.B. Masonry & Tuckpointing, Inc. for unlawful employment discrimination. *See* 42 U.S.C. § 2000e-2(a)(1). Padilla and Velasco claim that J.B. Masonry refused to hire them based on their national origin. J.B. Masonry seeks summary judgment, arguing that it does not have enough employees to be subject to Title VII. For the reasons stated below, the Court denies defendant's motion.

## Facts

Until late 2005, J.B. Masonry was a construction contracting firm wholly owned and operated by Jerzy Bochnia. The company employed several types of workers at their project sites, including laborers, bricklayers, lift operators, and truck drivers. On or around April 28, 2005, Padilla and Velasco applied for positions with J.B. Masonry. Padilla and Velasco claim that though they were qualified, the company refused to hire them based on their national origin

1

and filled the positions with workers who were not of Mexican origin. Pls. LR 56.1 Stmt. ¶¶ 1-2, 5.

There is some dispute about the present state of J.B. Masonry. Bochnia states that in late 2005, the company stopped operating, and his wife opened a similar company called Golden Masonry. Golden Masonry does much of the same work as J.B. Masonry and uses J.B. Masonry's supplies and equipment. Padilla and Velasco claim that Golden Masonry is simply a reincarnation of J.B. Masonry that was created so Bochnia could avoid complying with federal labor and anti-discrimination laws. *Id.* ¶¶ 2-4.

## Discussion

J.B. Masonry is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56©. When considering a motion for summary judgment, the Court must view the facts in favor of the non-moving party and draw all reasonable inferences in that party's favor. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Title VII applies only to "employers," that is, companies that have "fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 42 U.S.C. § 2000e(b). J.B. Masonry argues that it is not an employer under Title VII for two reasons: it did not have fifteen workers during the years relevant to this lawsuit, and even if it did, it did not have fifteen workers who qualified as employees under Title VII.

In its opening memorandum, J.B. Masonry contends that it did not have fifteen workers in

2

either 2004 or 2005. In support of its claim, the company submits an affidavit from owner Jerzy Bochnia stating that he was the sole employee of the business. Bochnia Aff. ¶ 2. It also submits copies of the company's tax returns, which report only one employee for 2004 and 2005. Bochnia Aff., Ex. A (2004 and 2004 J.B. Masonry Tax Returns).

The plaintiffs contend that there is a genuine question of fact as to whether J.B. Masonry had fifteen workers. They first point to Bochnia's deposition, where he testified that J.B. Masonry worked on approximately seven or eight projects during 2005 and that at any one time, the company worked on as many as three or four of those projects. Bochnia Dep. at 20-21. The plaintiffs also cite the affidavits of Wieslaw Kwarta, Marek Leszman, and Marcin Witkowski, who worked at J.B. Masonry's Sheffield Avenue project during various periods in 2005. According to these workers, the company employed between ten and sixteen workers at the Sheffield Avenue project alone. Kwarta Aff. ¶ 12 ("The crew at that location usually consisted of between three and ten bricklayers and five or six laborers."); Leszman Aff. ¶ 7 ("The crew at Sheffield at times consisted of up to 15 workers."); Witkowski Aff. ¶ 13 ("The crew at that location [Sheffield Avenue] usually consisted of six bricklayers and three or four laborers.").

Based on this evidence, a jury reasonably could find that J.B. Masonry employed fifteen workers during 2005. J.B. Masonry has not argued that even if it had fifteen workers for part of 2005, it did not have fifteen workers for the requisite statutory period of twenty weeks. *See* 42 U.S.C. § 2000e(b); *Ost v. West Suburban Travelers Limousine, Inc.*, 88 F.3d 435, 439-40 (7th Cir. 1996). The argument has been forfeited, at least for purposes of the present motion. *333 West Hubbard Restaurant Corp. v. United States*, 203 F.3d 990, 997 (7th Cir. 2000).

J.B. Masonry next argues that even if it employed fifteen workers during 2005, it is still

3

not subject to Title VII because it did not have fifteen workers who qualified as employees under the statute. Specifically, J.B. Masonry contends that its masonry workers are not employees but rather are independent contractors who do not count toward the fifteen employee minimum under Title VII. Padilla and Velasco contend that there is a genuine issue of fact as to whether the company's masonry workers are employees or independent contractors.[1]

The Seventh Circuit has used a five-factor test to determine whether a worker is an employee or an independent contractor under Title VII:

> (1) the extent of the employer's control and supervision over the worker, including directions on scheduling and performance of work, (2) the kind of occupation and nature of skill required, including whether skills are obtained in the workplace, (3) responsibility for the costs of operation, such as equipment, supplies, fees, licenses, workplace, and maintenance of operations, (4) method and form of payment and benefits, and (5) length of job commitment and/or expectations.

See *Worth v. Tyer*, 276 F.3d 249, 263 (7th Cir. 2001).

"If an employer has the right to control and direct the work of an individual, not only as to the result to be achieved, but also as to the details by which that result is achieved, an employer/employee relationship is likely to exist." *Id.* (quoting *Spirides v. Reinhardt*, 613 F.2d 826, 831-32 (D.C. Cir. 1979)). J.B. Masonry contends that the only control it exercised over its masonry workers was to require that they refrain from working during inclement weather. The plaintiffs disagree, arguing that J.B. Masonry exerted a considerable amount of control over the workers. They cite the testimony of several bricklayers and laborers who state that Bochnia told them when and where to report, assigned them tasks on a particular project, told them how to do

---

[1] The parties do not contest the status of J.B. Masonry's other workers, such as their supervisors, lift operators, and truck drivers. Viewing the facts in the light most favorable to the non-moving parties – Padilla and Velasco – the Court assumes for purposes of discussion that these workers qualify as employees under Title VII.

those tasks, chastised them if they performed those tasks incorrectly, and required them to fix their work to conform with his standards. *See* Gawrys Dep. at 10-11; Gurczak Dep. at 14; Lisek Dep. at 13-14; Maciej Dep. at 12; Matera Dep. at 12, 15, 18; Szreniawa Dep. at 12, 38-39; Trudnos Dep. at 22; Zatloukal Dep. at 33-36; Kwarta Aff. ¶¶ 13, 15-16; Leszman Aff. ¶¶ 7, 11, 14; Witkowski Aff. ¶¶ 12, 16-17, 21-22.

Plaintiffs have also shown that there are genuine factual disputes regarding three of the remaining four factors – the skills required for the position, the method of payment, and the permanence of the position. *See Worth*, 276 F.3d at 263-64 (holding that salesperson who brought non-unique skills to position, had to submit a time card, was not paid on commission, and discussed possibility of promotion with employer was an employee under Title VII). Plaintiffs offer evidence that bricklaying skills constitute basic skills for a position of this type; that masonry workers were paid hourly; and that masonry workers had somewhat permanent positions because they could move to another J.B. Masonry project once they completed the one they had been working on. *See* Bochnia Dep. 28-30; 44-46; Lisek Dep. at 13-14; Kwarta Aff. ¶¶ 10, 18-19, 22; Witkowski Aff. ¶ 19-20.

Finally, the parties appear to agree that the third factor – who absorbs the costs of doing business – weighs in favor of finding an employment relationship in this case. *See Knight*, 950 F.2d at 379 (concluding that defendant's assumption of costs "favors finding of employee status"). The undisputed evidence shows that J.B. Masonry assumed the costs of doing business, such as administrative, equipment, and supply costs, tending to show that the company's masonry workers were employees. *See* Bochnia Dep. at 34-36; Leszman Aff. ¶ 15; Witkowski Aff. ¶ 18. If a jury believed the totality of the evidence offered by plaintiffs, it could reasonably

5

find that J.B. Masonry's masonry workers are employees under Title VII.

Construing the evidence presented in the light most favorable to the plaintiffs, the Court finds that a jury reasonably could find that J.B. Masonry had fifteen employees during 2005, subjecting it to the prohibitions of Title VII. The Court therefore denies the defendant's motion for summary judgment.

## Conclusion

For the reasons stated above, the Court denies J.B. Masonry's motion for summary judgment [docket no. 8].

Date: May 15, 2006

MATTHEW F. KENNELLY
United States District Judge